**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| ROMEL C., | |
| Petitioner, | |
| v. | Case No. 26-cv-01346-SRB-DTS |
| PAMELA BONDI, et al., | |
| Respondents. | |

## <u>ORDER</u>

Before the Court is Petitioner Romel C.'s ("Petitioner") Petition for Writ of Habeas Corpus

(the "Petition"). (Doc. #1.) Petitioner alleges he entered the United States in October 2023 as a

non-citizen asylum seeker from Ecuador. Petitioner alleges Immigration and Customs

Enforcement ("ICE") released him from custody shortly after his entry. Petitioner alleges he

currently has a I-589, Application for Asylum and for Withholding of Removal which has been

pending since 2024. Petitioner alleges that ICE unlawfully detained him on January 27, 2026, and

now requests that the Court grant him habeas relief and order his release from custody.

In part, the Petition alleges that:

> "[d]espite having previously released Petitioner pursuant to 8 U.S.C. § 1226
> shortly after he entered the United States in October 2023 and now failing to
> identify a basis for revoking Petitioner's [order of release on recognizance]
> to detain him again, Respondents have [erroneously] adopted the position that
> an individual in Petitioner's circumstances is detained under the mandatory-
> detention provisions of 8 U.S.C § 1225 as an 'applicant for admission.'"

(Doc. #1, ¶ 8.)

On February 11, 2026, the Court issued a Show Cause Order which directed Respondents

to file an answer to the Petition and directed Petitioner to then file a reply to the answer. In their

response, Respondents argue that they "assert all arguments [previously] raised by the

government . . . [and] preserve those arguments for any appeal in this [case]." (Doc. #5, p. 2.) Respondents also attach a copy of the warrant for Petitioner's arrest which is dated January 27, 2026. Respondents argue that the "fact that Petitioner is detained pursuant to a warrant means that if the Court determines Petitioner is detained under § 1226(a) and not under § 1225(b)(2), then the appropriate remedy is to order a custody redetermination hearing instead of immediate release." (Doc. #5, p. 1.) Petitioner's reply argues that although Respondents identified an arrest warrant, that warrant "is not enough to demonstrate that Petitioner is properly detained under 1226." (Doc. #6, p. 2.)

    **I.**     **8 U.S.C. § 1225(b)**

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226 or another statute. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g., Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025).

Although the Court has considered the arguments raised by Respondents, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex, and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Petitioner or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

**II.    8 U.S.C. § 1226(a)**

Respondents have identified an arrest warrant issued to Petitioner and thus argue he is detained under § 1226(a), precluding his immediate release.  Section 1226(a) states: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).

Upon review, the Court rejects Respondents' arguments.  The Court agrees with Petitioner that "although Respondents provided a warrant as an exhibit to their Response . . . Respondents did not provide a Notice to Appear [following the arrest warrant] or other evidence that support the idea asserted in the warrant that Petitioner is removable from the United States.  As such, and without any explanation or evidence to support the warrant, the warrant is not enough to demonstrate that Petitioner is properly detained under 1226."  (Doc. #6, p. 2); *see Alberto C.M. v. Noem*, Civil No. 26-380 (DWF/SGE) (D. Minn. Jan. 23, 2026) (finding that Respondents failed to "issue[] a notice to appear or otherwise commenced removal proceedings").  Consequently, Petitioner is entitled habeas relief and immediate release.

**ORDER**

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1.  Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2.  The Court declares that Petitioner is not subject to detention under 8 U.S.C. § 1225 or § 1226 and enjoins Respondents from denying release or other relief on the basis that he is subject to such detention.

3.  Respondents shall immediately release Petitioner in Minnesota, but no later than 48 hours from the date of this Order.

4.  Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.

5.  When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents.

6.  Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

7.  Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: February 17, 2026                    *s/Stephen R. Bough*_____
                                          Stephen R. Bough
                                          United States District Judge